IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Telular Corporation,**

    **Plaintiff,**

    v.

**UPLINK SECURITY, LLC AND
NUMEREX CORPORATION**

    **Defendants.**

No.

JURY TRIAL DEMAND

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Telular Corporation ("Telular") for his Complaint against Defendants Uplink Security, LLC ("Uplink") and Numerex Corporation ("Numerex") alleges as follows:

### Nature of the Action

1. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, in which Plaintiff asserts that his U.S. Patent 8,854,187 ("SYSTEM AND METHOD FOR WIRELESS INTERACTIVE SECURITY SERVICES USING A KEY-SWITCH INTERFACE", the '187 Patent) has been and continues to be infringed by Defendants Uplink and Numerex.

### The Parties

2. Plaintiff Telular is a Delaware Corporation having a principal place of business in Chicago, Illinois and owns all right, title, and interest in, and has standing to

sue for infringement of the '187 Patent.

3. Defendant Numerex is headquartered in Atlanta, Georgia, and organized under the laws of the Commonwealth of Pennsylvania. Numerex does regular business in this judicial district, including providing products and services in this judicial district accused of infringing the '187 Patent.

4. Defendant Uplink is headquartered in Atlanta, Georgia, and organized under the laws of the State of Georgia. Uplink does regular business in this judicial district, including providing products and services in this judicial district accused of infringing the "187 patent.

## Jurisdiction and Venue

5. Exclusive original jurisdiction over the subject matter of this action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6. Venue properly lies in the Northern District of Illinois under 28 U.S.C.§§ 1391(b) and (c), and 1400(b), in that a substantial part of the acts and events giving rise to Plaintiff's claims occurred in this judicial district, including, but not limited to, Defendants having committed infringing acts in this District and the Defendants "doing business" in this District in the sense that it is subject to personal jurisdiction here under Illinois long-arm statute. Venue is also appropriate because Defendant does business in Illinois, including the commission in Illinois of one or more of the infringing acts of offering for sale, selling, using infringing products, or providing infringing services and support to Defendants' customers in Illinois, which Defendants do through established distribution channels.

7. Personal jurisdiction over Defendants Numerix and Uplink is proper in this District because on information and belief, Defendants offer to sell and install the accused Uplink platform of Products in various locations in the United States, including locations in Illinois. Defendants Numerex and Uplink have established contacts with this forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing so, in Illinois.

### The Defendant's Infringement of U.S. Patent 8,854,187

8. On October 7, 2014, United States Patent No. 8,854,187 (the '187 Patent), entitled " SYSTEM AND METHOD FOR WIRELESS INTERACTIVE SECURITY SERVICES USING A KEY-SWITCH INTERFACE " was legally issued by the United States Patent and Trademark Office and assigned to Telular of Chicago, Illinois. (A copy of the '187 Patent is attached as Exhibit A.)

9. Plaintiff is the owner of the entire right, title, and interest in the '187 Patent with full rights to sue for the past and current infringement, and to enjoin further infringement, of the '187 Patent.

10. On information and belief, Defendants Numerex and Uplink manufacture, use, offer for sale, sell, and/or have manufactured, used, offered for sale, or sold within this Judicial District and throughout the United States Uplink platforms, including unauthorized products and services such as Remote Model 4500, 4530 and 4550 that are covered by at least one or more of the '187 Patent independent Claims 1, 4, 9,11 and 12 and at least one or more of the '187 Patent dependent Claims and hence infringe Plaintiff's '187 Patent. Uplink remote is designed and marketed to be used in combination with a variety of

commercial alarm system, products and services.

11. On information and belief, Defendants Numerex and Uplink have infringed and are continuing to infringe the '187 Patent by manufacturing, using, offering for sale, and selling in the United States infringing products and services, such as the new Uplink Remote alarm system announced nationwide in a April 12, 2012 Newswire (copy attached as Exhibit B), by inducing others to infringe the '187 Patent, and/or by contributing to others' infringement of the '187 Patent. The Uplink Remote marketing materials for the Uplink platform of products and services promote and explain the infringing capabilities of the accused products and services and encourage the customers to use the products and services in an infringing manner. Defendants Numerex and Uplnk will continue to infringe the '187 patent unless and until enjoined by this court.

12. On information and belief, Defendants' Numerex and Uplink actions constitute infringement of the '187 Patent under at least 35 U.S.C. §§ 271(a), (b), or (c). Such acts of infringement have been and are continuing to be committed in Illinois and elsewhere in the United States. Plaintiff is entitled to compensatory damages from Defendants Numerex and Uplink under 35 U.S.C. § 284 in addition to other relief requested below.

13. On information and belief, Defendants Numerex and Uplink had knowledge of the '187 Patent through a letter dated April 12, 2012 and delivered by certified mail and signed for by Michael Boyle, and have therefore infringed the '187 Patent willfully and deliberately, thereby rendering this case exceptional under 35 U.S.C. § 285.

14. By reason of the foregoing unlawful acts of Defendants Numerex and Uplink, Plaintiff has been seriously and irreparably damaged and, unless Defendants Numerex and Uplink are restrained from continuing such unlawful acts, Plaintiff will continue to be

so damaged. Plaintiff is without adequate remedy at law to compensate it for the injury caused by Defendants' Numerex and Uplink acts of infringement.

**Relief Sought**

WHEREFORE, Plaintiff Telular prays for judgment against Defendants Numerex and Uplink and against their subsidiaries, affiliates, agents, servants, employees, and all others in active concert or participation with them granting the following relief:

A. A finding United States Patent No. 8,854,187 is valid, enforceable, and infringed by Defendants Numerex and Uplink;

B. A permanent injunction against Defendants Numerex and Uplink and their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates, and all others controlling, controlled by, affiliated with, in privity with, or in active concert or participation with them from infringing, contributing to the infringement of, or inducing
infringement of the '187 Patent;

C. An award to Plaintiff of damages adequate to compensate him for the infringement of the '187 Patent that has occurred together with pre-judgment and post-judgment interest;

D. An award to Plaintiff of all further and proper relief under 35 U.S.C. § 284, including trebled damages for willful infringement;

E. An award to Plaintiff all further and proper relief under 35 U.S.C. § 285, including Plaintiff's costs, disbursements, and attorneys' fees for this action; and

F. Such other and further relief as this Court deems just and appropriate.

## **Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

                                      Plaintiff Telular Corporation

                                      By: /s/ Michael J. Femal
                                             One of his Attorneys

Michael J. Femal (IL. ARDC No. 0792012)
mfemal@muchshelist.com

James P. Hanrath (IL. ARDC No. 3123374)
jhanrath@muchshelist.com

MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois
60606 (312) 521-2000